SUSAN D. SPENCER

*v.*

LUCIUS B. OTIS, Receiver, etc.

*Filed at Ottawa November 17, 1880.*

1. EVIDENCE—*to disprove fact admitted in pleading.* Where a complainant states or admits a material fact in his bill, evidence on his part to the contrary can not avail him anything, and the defendant need not prove the fact so admitted.

2. CHANCERY—*leave to open case after hearing, and offer evidence after amendment.* A creditor's bill to set aside a conveyance of real estate by a debtor to his wife and subject it to sale on execution, alleged that, on a day prior to the marriage, the debtor conveyed the property to his intended wife, and

after the hearing the court allowed the bill to be amended by changing the word "conveyed" to "attempted to convey," and the words "was conveyed" to "was attempted to be conveyed" against the objection of the wife. She thereupon moved for a rehearing of the cause, and to offer evidence upon the subject of the delivery of the deed to her, which motion the court overruled: *Held*, that the court erred, as, if the deed was delivered before the marriage, it would have been an antenuptial settlement, and if after the marriage, a post nuptial settlement, one of which might have been sustained, while the other might not.

3. An allegation in a bill that A, before his marriage with B, by his deed, conveyed real estate to B, implies that A delivered the deed to B before that event.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. HENRY B. MASON, and Mr. OWEN F. ALDIS, for the appellant:

The words in the bill that the husband conveyed to his intended wife before their marriage, implies the due execution and delivery of the deed. Bouv. Law Dic.—"Conveyance," "Execution," and Webster's Dic. "Convey." When the delivery of the deed was denied by the amendment, presenting an issue on this point for the first time, the wife had the right to show by proof when the deed was delivered.

As to the right to amend a bill in chancery after the hearing, and its effect: Rev. Stat. 1874, "Chancery," sec. 22; *Jefferson County* v. *Ferguson et al.* 13 Ill. 35; *Mason* v. *Blair*, 33 id. 205; *Farwell* v. *Meyer*, 35 id. 51; *Moshier* v. *Knox College*, 32 id. 164.

Spencer's joint occupation of the premises with his wife was not any badge of fraud, otherwise the wife's property could be secured only by a practical divorce, *a mensa et thoro*. *Page* v. *Kendrick*, 10 Mich. 300; *Bank* v. *Marchand*, T. U. Charlt. (Ga.) 247; *Dean* v. *Bailey*, 50 Ill. 481.

That marriage is a valuable consideration, is an elementary and settled principle of the common law. *Rockafellow* v. *Newcomb*, 57 Ill. 186; *Magniœ* v. *Thompson*, 7 Pet. 361.

A marriage settlement, in the absence of any evidence of the intended wife's participating in the fraud, is valid against pre-existing creditors of the husband. *Ex parte Mayor*, Montague, 293; *Hardy* v. *Green*, 12 Beavan, 182; *Ex parte McBurnie*, 1 De Gex, MacN. & Gor. 441; *Columbine* v. *Penhall*, 1 Smale & Gifard, 228; *Fraser* v. *Thompson*, 1 Gifard, 49; May on Vol. and Fraud. Alienations, 76, 77 and 315; *North* v. *Ansell*, 2 Piere Williams, 618; *Barrow* v. *Barrow*, 2 Dickens, 504; *Partridge* v. *Gopp*, 1 Eden, 163; *Cadegan* v. *Kennell*, 2 Cowp. 432.

Marriage is a valuable consideration for an antenuptial settlement, and prevails against creditors in the absence of actual fraud in the grantee. *Smith* v. *Allen*, 5 Allen, 454; *Frank's appeal*, 59 Pa. St. 190; *Jones' appeal*, 62 Pa. St. 324; *Andrews* v. *Jones*, 10 Ala. 400; *Marshall* v. *Morris*, 16 Ga. 368; *Bunnell* v. *Witherow*, 29 Ind. 123; *Bouser* v. *Miller*, 5 Oregon, 110; *Epps* v. *Randolph*, 2 Cal. 103.

Mere knowledge by the wife of the husband's insolvency at the time of the marriage will not suffice to invalidate the antenuptial settlement in her favor. *Fraser* v. *Thompson*, 1 Gifard, 62; *Hening et al.* v. *Wickham et ux.* 29 Gratt. 628.

Mr. J. L. HIGH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill, filed by Lucius B. Otis, as receiver of the State Savings Institution of Chicago and judgment creditor, against David D. Spencer and Susan D. Spencer, his wife, to set aside a conveyance alleged to have been made by Spencer to his wife of his homestead in Chicago, shortly before their marriage, as being fraudulent and void as against creditors, and to subject the premises to the payment of complainant's judgment against David D. Spencer.

Service was had, by publication, upon both Spencer and wife, and a decree was taken *pro confesso*, setting aside the conveyance and subjecting the property to the lien of the judgment.

Mrs. Spencer afterward presented her petition under the statute for leave to defend, upon the ground that no personal service had been had upon her, which leave was granted and her answer filed, and the cause heard as to her upon the pleadings and proofs, and the court entered an order confirming the original decree, whereupon Susan D. Spencer appealed.

The bill, as originally drafted, alleged that David D. Spencer, "on the 21st day of November, 1876, by his deed of that date, conveyed the said above described premises to one Susan A. Dennis, as well for and in consideration of the love and affection which he had and bore toward said Susan A. Dennis, as for the sum of $1; that said deed of conveyance was filed for record in the recorder's office of Cook county on the 14th day of December, 1876; that said above described property was conveyed by said David D. Spencer to said Susan A. Dennis, for such pretended consideration, in contemplation of the marriage of said defendant David D. Spencer to Susan A. Dennis, which marriage took place on the 14th day of December, 1876."

After the hearing had been had, but before the entering of the confirmatory order, and on the day thereof, the court, against the objection of appellant, permitted appellee, on his motion, to amend the bill by changing the word "conveyed" to "attempted to convey," and the words "was conveyed" to "was attempted to be conveyed;" thereupon appellant moved for a rehearing of the cause, and to offer evidence upon the subject of the delivery of the deed from David D. Spencer to Susan A. Dennis, which motion the court overruled, and then entered the order confirming the original decree in appellee's favor.

We think there was error in this refusal by the court, after such amendment, of leave to appellant to introduce evidence upon the subject of the time of the delivery of the deed, whether before or after the marriage.

In the one case it would have been an antenuptial, and in the other a postnuptial settlement; and the transaction, as being the one or the other, would be quite differently viewed. As an antenuptial settlement, it might be sustained, while, if a postnuptial settlement, it might be invalid. There was considerable evidence in the case, on the part of the complainant, that the deed was not delivered before the marriage, although, as we conceive, that was not in issue before the time of the amendment, and the decree may have proceeded upon the ground of the non-delivery of the deed before the marriage.

We consider that, by the allegations of the original bill, it was admitted that the deed was delivered before the marriage, and that before the amendment no proof was needed on the part of defendant, as none was introduced, to show that it was delivered before then, although there was evidence on the part of complainant tending to show that it was not. Such evidence would not avail against the admission of the bill to the contrary.

The allegation of the original bill, that Spencer, before the marriage, by his deed, conveyed the property to Susan A. Dennis, implied that he delivered the deed to her before that event. The property could not have been conveyed by deed, unless the deed had been delivered,—a delivery of the deed being an essential of a conveyance by deed. When then the admission which was made by the original bill of the delivery of the deed before the marriage was withdrawn, as it was by the amendment made, opportunity should have been afforded to defendant to meet the new phase of the case made by the amendment, by offering proof upon the subject of the delivery of the deed, of the time thereof, and in contravention of complainant's evidence in that respect, first rendered necessary because of such amendment.

For the error indicated, without considering the case further, the decree must be reversed and the cause remanded.

*Decree reversed.*